IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ZACHARY DAVID FLOYD,

    Plaintiff,

v.                                    CASE NO. 5:15-cv-249-MW-GRJ

C MOON,

    Defendant.

_____/

## REPORT & RECOMMENDATION

This case is before the Court on Defendant Moon's Motion to Dismiss. ECF No. 10. Plaintiff, an inmate in the custody of the Florida Department of Corrections (FDOC), who is proceeding *pro se* in this action, has filed a response in opposition to Defendant's motion, ECF No. 11, and the motion is now ripe for review. For the reasons discussed below, it is recommended that Defendant's motion to dismiss be granted. Plaintiff will be given the opportunity to amend his Complaint within thirty days of the order addressing this report and recommendation.

### I. PLAINTIFF'S ALLEGATIONS

This case involves claims against Defendant Moon, a nurse,

concerning treatment for a hand injury that Plaintiff suffered during a fight with another inmate. Plaintiff claims that the medication Nurse Moon provided—Ibuprofen— was insufficient to provide pain relief. Plaintiff says that he asked Nurse Moon why Plaintiff was never referred to an orthopedist. Nurse Moon allegedly told Plaintiff that he did not need pain relievers and that his hand was only sprained, not broken. Plaintiff claims that Nurse Moon's statement is untrue because outside physicians confirmed that Plaintiff's hand was broken.

Plaintiff claims that Nurse Moon violated his Eighth Amendment rights and that Nurse Moon was deliberately indifferent to his medical needs. Plaintiff requests that "Nurse Moon be made to answer to or at least brought up on her awareness of the nature of her wrongs." (ECF No. 1 at 3-5.)

## II. STANDARD OF REVIEW

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements,

or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-84 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Invs. v. Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (*overruled on other grounds* by *Iqbal*).

## III. DISCUSSION

Nurse Moon has moved to dismiss Plaintiff's Complaint arguing that the Court lacks subject matter jurisdiction over Plaintiff's claim because the claim is moot. In support of the motion Nurse Moon has provided an affidavit averring that she no longer is an employee at Holmes County Jail, the jail where Defendant is incarcerated, and that she does not plan to be employed as a nurse at Holmes County Jail in the future.

Nurse Moon argues that because she no longer is employed at Holmes County Jail and does not plan to work there in the future, any threat of harm to Plaintiff has disappeared, eliminating the "case or controversy" requirement of Article III. *See Wahl v. McIver,* 773 F. 2d 1169, 1173 (11th Cir. 1985)("Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects.") Nurse Moon therefore requests the Court to dismiss the case because Plaintiff's claim is moot. The Court agrees.

Because Plaintiff and Nurse Moon no longer are located at the same institution, the Court cannot afford Plaintiff meaningful injunctive relief

against further medical treatment by Nurse Moon.[1]

In the complaint, Plaintiff has not included a request for compensatory damages as a result of the alleged deliberate indifference to his medical needs.  If Plaintiff had included this request, the Court would have permitted his claim to proceed.  In view of Plaintiff's *pro se* status and his claims regarding medical treatment, Plaintiff will be given the opportunity to amend his Complaint to include a request for compensatory damages.  Plaintiff must file his amended complaint within thirty days of the date an order is entered addressing this report and recommendation.  Plaintiff's failure to do so will result in a further recommendation that the case be dismissed.

## IV.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss, ECF No. 10, should be **GRANTED** and Plaintiff's Complaint should be **DISMISSED**.  It is further recommended

---

[1] Any request for declaratory relief also fails.  *Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir. 1985)(citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974))("Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.  Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects.")

that Plaintiff should be given leave to file an amended complaint, failing which the case should be dismissed with prejudice without further notice.

**IN CHAMBERS**, this 31st day of May 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636**.